KLIEBERT, Chief Judge.
This appeal presents for determination the constitutionality and/or legality of Ordinance No. 91-11-8 of the Parish of St. Charles adopted on November 18, 1991, which declares illegal the distribution of obscene video material. A full copy of the ordinance is attached as Appendix I.
Suit was filed on December 30, 1991 by the plaintiff, a corporation. The petition alleged the corporation is engaged in the business of leasing certain videos which could be determined to be obscene under the terms of the ordinance. Thus, it is subject to prosecution and punishment under the ordinance which provides for the imposition of a fine not exceeding $100.00 or imprisonment for a term not exceeding 30 days, or both. The contended unconstitutionality and/or illegality of the ordinance was based upon the following:
1) The specific designation of the relevant community standard from which to judge whether the material is obscene as that of St. Charles Parish;
2) The failure to provide for a jury trial and jury assessment of community standards;
3) The vagueness of the ordinance in describing obscene materials as those “potently” [1] offensive.
Joined as parties defendant were the St. Charles Parish Council and the St. Charles Parish Sheriffs Office. By its terms the ordinance was to go into effect on January 2, 1992. The plaintiff sought and the court granted a temporary restraining order enjoining the enforcement of the ordinance.
Following the filing of answers by the respective defendants which generally denied the allegations of the petition and of several continuances, during which time the restraining order was kept in effect, a hearing was held on February 24, 1992 following which the trial judge dissolved the temporary restraining order and found the ordinance legal and not violative of the constitution.
*322 On a writ application filed under No. 92-C-169 this Court found the State of Louisiana was an indispensable party. Hence, the case was remanded for a retrial.
After the filing of an amended petition joining the State and the filing of an answer by the latter, the matter was heard again on April 20, 1992. Following the stipulation of counsel of the factual matters alleged by plaintiff in its petition, legal issues originally presented were re-argued and ruled upon by the trial judge as he had previously, i.e., dissolving the restraining order and declaring the ordinance legal and not violative of the constitution. A writ of review taken by plaintiff to this Court from the trial judge’s ruling of April 20, 1992 was by order dated April 28, 1992 construed as a motion for an expedited appeal which was granted. The order also stayed the enforcement of the ordinance pending further orders of this Court.
Counsel for plaintiff presents to this Court the same three issues presented to the court below and are set forth above, the first of which is that the subject ordinance is “unconstitutional and/or illegal” ... because of “the specific designation of the relevant community as that of ‘St. Charles Parish.’ ” In this connection, we quote the pertinent part of the ordinance, which is as follows:
“2. ‘Obscene’ means that which the average person, applying contemporary community standard in the Parish of St. Charles, State of Louisiana, would find, taken as a whole,
a. appeals to the prurient interest; and
b. which portrays, represents, depicts or describes in a potently offense way ultimate sexual acts, normal or perverted, actual or simulated; and
c. which taken as a whole, does not have serious literacy, artistic, political or scientific value.”
(Emphasis Supplied)
One of the many and a leading case dealing with the often vexing question of obscenity was that of Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), wherein the Supreme Court of the United States rejected the defense contention that “contemporary community standards” should have been described to the jury as “national” community rather than “State of California” community standards. The court approved a statewide standard, as opposed to national standard, but apparently did not go further with respect to standards from a smaller jurisdiction.
In 1974, the year following the Miller decision (supra), the Supreme Court decided Jenkins v. Georgia, 418 U.S. 153, 94 S.Ct. 2750, 41 L.Ed.2d 642 (1974). In defining the relevant community, it held as follows:
“We also agree with the Supreme Court of Georgia’s implicit approval of the trial court’s instructions directing jurors to apply ‘community standards’ without specifying what ‘community.’ Miller held that it was constitutionally permissible to permit juries to rely on the understanding of the community from which they came as to contemporary community standards, and the States have considerable latitude in framing statutes under this element of the Miller decision. A State may choose to define an obscenity offense in terms of ‘contemporary community standards’ as defined in Miller without further specification, as was done here, or it may choose to define the standards in more precise geographic terms, as was done by California in Miller.
Jenkins, 418 U.S. at 157, 94 S.Ct. at 2753.”
In 1974, the Louisiana State statute article 14:106 dealing with obscenity was amended with the pertinent provisions, for the first time, made to read as follows:
“A. (3) Sale, allocation, consignment, distribution, dissemination, advertisement, exhibition, or display of obscene material, or the preparation, manufacture, publication, or printing of obscene material for sale,, allocation, consignment, distribution, advertisement, exhibition, or display.
Obscene material is any tangible work or thing which the trier of fact determines (a) that the average person apply *323 ing contemporary community standards would find, taken as a whole, appeals to the prurient interest, and (b) depicts or describes in a patently offensive way, hard core sexual conduct specifically defined in Paragraph (2) above, and (c) the work or thing taken as a whole lacks serious literary, artistic, political, or scientific value.” (Emphasis Supplied)
Also, in 1974 the Legislature added to the obscenity statute Section E, which reads as follows:
“E. This Section does not preempt, nor shall anything in this Section be construed to preempt, the regulation of obscenity by municipalities, parishes, and consolidated city-parish governments; however, in order to promote uniform obscenity legislation throughout the state, the regulation of obscenity by municipalities, parishes, and consolidated city-parish governments shall not exceed the scope of the regulatory prohibitions contained in the provisions of this Section.” (Emphasis Supplied)
The Louisiana Supreme Court in State v. Amato, 343 So.2d 698 (La.1977) approved the statutes’s unrestricted use of the term “contemporary community standards” and “patently offense way” without further specification. Amato, at page 702. And, while the obscenity statute has been amended in several respects since 1974, the above quoted sections have remained unchanged.
With this rather brief background, we first address the question of whether, as contended by appellant, the St. Charles ordinance by mandating “contemporary community standards in the Parish of St. Charles, State of Louisiana” is illegal and/or unconstitutional in that the state statute does not define the relevant community and Section E thereof provides that any legislation of parishes, municipalities, etc., “shall not exceed the scope of the regulatory provisions contained in — this section.” The contention, we believe, has merit.
The declared purpose of Section E is to promote uniform obscenity legislation throughout the state and, to that end, proscribes ordinances which exceed its provisions. The subject ordinance, it will appear, does exactly that, for by declaring with specificity that the standards of St. Charles Parish be applied, it has gone beyond and, therefore, exceeds the general standard of any “contemporary community standards.”
In this connection, counsel for the Parish and State argue that “community standards” are not elements of a crime but, rather, standards to be used by the trier of fact to determine whether the material is obscene and that the Parish of St. Charles “has simply attempted to offer guidance and definition as to the relevant standard.” Such is not the case. The Parish, by enacting the ordinance, has mandated its standards as the measure to be used by the trier of fact and thus drawn the line as to which standard would prevail as to the ultimate finding of a guilty or not guilty verdict.
It is our conclusion that the ordinance as drawn re-defines the standards to be applicable in obscenity cases in terms of significant and obvious variation from those approved by the Supreme Courts of the United States and of the State of Louisiana. Moreover, it exceeds the state statutory provisions and thus renders nugatory the state statutes declared intention of promoting uniformity in obscenity legislation in the State as a whole.
We make clear that the ordinance in question, though it goes beyond the scope of Section E of the 1974 amendment is not thereby rendered null. The severance provisions expressly provides (Sec. IV of the ordinance) that holding invalid any provision thereof does not affect the other provisions which can be given effect. To this end, it is clear that all provisions of the ordinance are valid and of full force except that portion reading “applying contemporary community standards in the Parish of St. Charles, State of Louisiana” rather than “contemporary community standards.”
*324 By restricting the reach of the ordinance as set forth above, its provisions will necessarily have to be applied in conformity with the State statute on the subject, specifically R.S. 14:106(E), the constitutionality of which has already been upheld as pointed out above in State v. Amato, supra.
In reference to the jury trial issue, we find no merit to the argument that a jury trial is necessary. The trial judge is well-able to ascertain and apply the community standard. Further, due process does not mandate a jury trial in criminal cases with a penalty of less than six months imprisonment.
For the reasons assigned, the judgment appealed from is reversed and it is ordered that there be judgment in favor of plaintiff and against the defendants declaring that the ordinance in question is violative of LSA-R.S. 14:106(E), but insofar as and only insofar as it prescribes “applying contemporary community standards in the Parish of St. Charles, State of Louisiana” rather than “contemporary community standards” and to that end only its provisions are enjoined. In all other respects, the ordinance is to remain in full force and effect.
REVERSED AND RENDERED.
*325 [[Image here]]
*326 [[Image here]]

. It was agreed that the word "potently” appearing in the Ordinance was a typographical error and was actually “patently.”